UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:22-cv-2163

Almaza HABIB EL DIB,
individually; and
Gergos EL DIB,
individually,

        Plaintiffs,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Merrick P. Garland, in his official capacity;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Alejandro Mayorkas, in his official capacity;
DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Ur M. Jaddou, in her official capacity;
DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATIONS,
Christopher Wray, in his official capacity;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
an agency of the United States;
UNITED STATES DEPARTMENT OF JUSTICE,
an agency of the United States;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
an agency of the United States;
FEDERAL BUREAU OF INVESTIGATION,
an agency of the United States; and
THE UNITED STATES OF AMERICA,

        Defendants.
_____/

**COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY, AND OTHER RELIEF**

COME NOW THE PLAINTIFFS, individually, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1361, 2201-2202 and 5 U.S.C. §. 702 et seq., and file this their complaint for a writ of mandamus, Administrative Procedures Act, and declaratory relief against the named defendants.  In support thereof, Plaintiffs respectfully submit as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs seek through this action to compel Defendants and those acting under them to take all appropriate action to complete the adjudication of their Form I-829 Petitions by Entrepreneur to Removal Conditional Basis of Lawful Permanent Resident Status without further delay.

2. Plaintiff Almaza HABIB EL DIB is a Brazilian investor-entrepreneur who invested over $500,000 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States through the EB-5 Regional Center Program. On 12 October 2016, HABIB EL DIB filed a Form I-526 Immigrant Petition by Alien Entrepreneur with the United States Citizenship and Immigration Services (USCIS) (hereinafter, the "EB-5 Petition"). On 2 April 2018, after thoroughly confirming HABIB EL DIB's eligibility, including the wholly legitimate source of the investment funds, USCIS approved the EB-5 Petition and subsequently issued Conditional Lawful Permanent U.S. Resident status to both HABIB EL DIB, valid from 29 August 2018 through 29 August 2020, and EL DIB, valid from 6 March 2019 through 6 March 2021.

3. As required by law, on 5 August 2020, prior to the expiration of her Conditional Lawful Permanent U.S. Resident status, HABIB EL DIB timely and accurately filed her Form I-829 petitions with USCIS.

4. Also as required by law, on 22 February 2021, prior to the expiration of his Conditional Lawful Permanent U.S. Resident status, HABIB EL DIB timely and accurately filed his Form I-829 petitions with USCIS.

5. As of the date of the filing of this Complaint, there has been no decision on HABIB EL DIB's I-829 petition nor, by extension, on the Form I-829 petition of EL DIB. These petitions

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

remain within the jurisdiction of Defendants, whose nearly <u>27-month delay</u> in adjudicating HABIB EL DIB's said petitions is wholly unreasonable and has caused detriment to Plaintiffs in a myriad of ways.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 in the nature of mandamus for want of a remedy ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). In *Patel v. Reno*, 134 F. 3D 929 (9th Cir. 1997), the Ninth Circuit held that there is mandamus jurisdiction to compel a consular officer to make a decision on a visa application.

7. Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

8. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). *Trudeau v.* FTC, 456 F.3fd 178, 185 (D.C. Cir. 2006) (finding that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review a complaint for declaratory and injunctive relief against a federal agency). Defendants DHS and USCIS are subject to the APA, which requires the agencies to carry out their duties within a reasonable time. Section 555(b) provides that '[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it. *See id.* (emphasis added). When a statute is silent as to an actual deadline for a federal agency to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178,

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

1190 (10th Cir. 1999).  As set forth below, the delay in adjudicating Plaintiffs' properly filed immigrant visa applications is unreasonable.

9. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) as this is an action against federal agencies and U.S. officers in their official capacity that is brought in the federal district where Plaintiffs reside or where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

## EXHAUSTION OF REMEDIES

10. Plaintiffs lack any statutory, regulatory, or administrative remedy of mandate for the purposes of 5 U.S.C. § 706(1) and this suit is therefore properly filed and all conditions precedent to the filing of this action have been met.  Plaintiffs are owed a duty — the adjudication without unreasonable delay of the Form I-829 petitions, determining the permanency of their status in the United States.  Defendants have unreasonably delayed and failed to adjudicate HABIB EL DIB's Form I-829 petition for well over two years, and the adjudication of EL DIB' Form I-829 petition is dependent on the adjudication of HABIB EL DIB's said petition.  Plaintiffs have no other adequate remedy available to them for the harm they seek to redress — Defendants' failure to issue a decision on their Form I-829 petitions.

## PARTIES

11. Plaintiff Almaza HABIB EL DIB (hereinafter, "HABIB EL DIB") is a native of Lebanon and dcitizen of Brazil, currently residing in Celebration, Osceola County, Florida in conditional Permanent U.S. Resident ("LPR") status, A# 216-022-790.  HABIB EL DIB is an investor-entrepreneur and, based on her substantial investment of over $500,0000 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States, she filed a Form I-526 Immigrant Petition by Alien

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

Entrepreneur with the United States Citizenship and Immigration Services (USCIS), which was approved on 2 April 2018.  HABIB EL DIB files this action in her individual capacity.

12. Plaintiff (hereinafter, "EL DIB") is a native of Syria and citizen of Brazil, currently residing in Celebration, Osceola County, Florida in conditional LPR status, A# 214-885-522.  EL DIB is HABIB EL DIB's spouse, and he has been married to HABIB EL DIB at all times relevant to this action.  EL DIB is entitled to the removal of the conditions on his LPR status with HABIB EL DIB as HABIB EL DIB's derivative spouse.  EL DIB files this action in his individual capacity.

13. Defendant ATTORNEY GENERAL OF THE UNITED STATES, Merrick P. Garland ("GARLAND"), is sued in his official capacity only.  As U.S. Attorney General, GARLAND is charged with interpreting and enforcing the laws governing immigration and naturalization, and in that capacity has final authority over the practices and procedures challenged herein.  As U.S. Attorney General, GARLAND has final authority over Defendant United States Department of Justice as well as the delegation of immigration functions to Defendant United States Department of Homeland Security.

14. Defendant SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Alejandro Mayorkas ("MAYORKAS"), is sued in his individual capacity only.  Defendant MAYORKAS was appointed to his position by the President with the advice and consent of the Senate and in the President's chief security officer.  As Secretary of Homeland Security, MAYORKAS oversees the operations of the agency tasked with ensuring public safety in the United States.

15. Defendant DIRECTOR OF THE UNITED STATES IMMIGRATION AND CITIZENSHIP SERVICES, Ur M. Jaddou ("JADDOU") is sued in her official capacity only.  As

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

Director, JADDOU is designated by law to oversee her agency's processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions.

16. Defendant DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, Christopher Wray ("WRAY"), is sued in his official capacity only. As FBI Director, WRAY is the head of the federal agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits.

17. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is the federal executive department that oversees public security in the United States, including in the area of immigration and customs. DHS operates within this District and is headquartered in Washington, D.C.

18. Defendant UNITED STATES DEPARTMENT OF JUSTICE (the "DOJ") is the federal executive department tasked with the enforcement if federal law and administration of justice in the United States, including in the area of immigration and customs. The DOJ operates within this District and is headquartered in Washington, D.C.

19. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a subordinate agency of DHS and it handles the administration of processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions for immigration benefits from within the United States. USCIS operates within this District and is headquartered in Washington, D.C.

20. Defendant FEDERAL BUREAU OF INVESTIGATION (the "FBI") is the federal executive agency the agency in charge of conducting background checks for foreign nationals in

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

connection with their applications for immigration benefits.  The FBI operates within this District and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

21. Plaintiff HABIB EL DIB is an investor and entrepreneur who invested over $500,000 (Five Hundred Thousand and 000/100 U.S. Dollars) in at-risk capital in Related New York City Metro Regional Center (hereinafter, "RNYCMRC"), an EB-5 Immigrant Investor Regional Center designated by the U.S. Department of Homeland Security (DHS) for participation in USCIS' EB-5 Immigrant Investor Program.  EB-5 Immigrant Investor Regional Centers are involved with promoting economic growth in the United States.

22. The job-creating project within the RNYCMRC to which HABIB EL DIB's investment was applied is the Hudson Yards Manhattan Tower EB-5.

23. On 12 October 2016, based on said substantial investment, HABIB EL DIB filed a Form I-526, Immigrant Petition by Alien Entrepreneur with USCIS, which was assigned Receipt Number WAC-17-900-19549 and was approved on 2 April 2018.

24. Following approval of said Form I-526 petition, the Plaintiffs immigrated to the United States and, on 29 August 2018, HABIB EL DIB was issued a Form I-551 Conditional U.S. Permanent Resident Card (hereinafter, "Conditional LPR Card") that reflected a 29 August 2020 expiration date, and EL DIB was issued a Conditional LPR Card that reflected a 6 March 2021 expiration date.  True and correct copies of the Plaintiffs' said Conditional LPR Cards are attached hereto as **Exhibit A** and are incorporated herein by reference.

25. In accordance with 8 C.F.R. § 216.6, on 5 August 2020, prior to the expiration of her Conditional LPR status, Plaintiff HABIB EL DIB timely filed her Form I-829 Petition with

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

USCIS, which petition was assigned Receipt Number WAC-20-901-57932. Also in accordance with 8 C.F.R. § 216.6, on 22 February 2021, prior to the expiration of his Conditional LPR status, Plaintiff EL DIB timely filed his Form I-829 Petition with USCIS, which petition was assigned Receipt Number WAC-21-900-54015. True and correct copies of the corresponding Form I-829 receipt notices are attached hereto as **Exhibit B** and are incorporated herein by reference.

26. Plaintiff HABIB EL DIB and Plaintiff EL DIB's Conditional LPR Cards expired on 29 August 2019 and 6 March 2021, respectively. USCIS does not issue a new Form I-551 LPR Card with an updated expiration date upon the filing of a Form I-829 petition. Instead, I-829 petitioners must present their expired Conditional LPR Card or temporary I-551 passport stamp along with a copy of the Form I-829 receipt notice in order to prove legal status.

27. As such, while they each remain in Conditional LPR status while their timely-filed Form I-829 petitions remain pending, none of the Plaintiffs have an unexpired LPR Cards to show as evidence of their legal status and their authorization to live, work, and study in the United States.

28. Plaintiffs, through their attorney, have made numerous periodic inquiries of USCIS regarding the status of the processing of the Form I-829 petitions, but have received no response other than the fact that the petitions remain pending.

29. HABIB EL DIB invested over $500,000 U.S. Dollars in the United States, to the substantial economic benefit of the United States, with the expectation that the Form I-829 petitions filed by her and her spouse would be adjudicated within a reasonable time frame, so that the family would be able to live permanently to the United States as Lawful Permanent U.S. Residents without conditions.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

30. HABIB EL DIB's decision to make this substantial investment was based, in large part, on her desire to move her family out of her home country of Brazil, where the family was no longer safe.  Brazil currently has among the highest murder and violent crime rates in the world.  In Brazil, affluent individuals such as Plaintiffs are constant targets for violent robberies and kidnappings.

31. As of the date of the filing of this Complaint, biometrics have been duly taken for both Plaintiffs, and no Request for Evidence have been issued in connection with either Plaintiff's Form I-829 petition.  As of the date of the filing of this Complaint, Plaintiff HABIB EL DIB has spent nearly 27 months waiting for her Form I-829 petition to be decided.  EL DIB's derivative spouse Form I-829 petition cannot be decided until HABIB EL DIB's Form I-829 petition is adjudicated.

32. Plaintiffs have been greatly prejudiced by the unfair delay in the processing of their Form I-829 petitions.  These prejudices include, but are not limited to:

   a. An inability to clearly and easily demonstrate lawful status and employment authorization to potential business partners;

   b. An inability to clearly and easily demonstrate lawful status to law enforcement;

   c. An inability to naturalize as United States citizens until the conditions on their LPR status is removed;

   d. An inability to withdraw the EB-5 investment funds until the conditions on their LPR status is removed;

   e. Long delays while travelling internationally or transiting through the United States, as Plaintiffs, due to their expired Permanent Resident cards and pending Form I-829 petitions, are referred to Secondary Inspection, where they are forced to wait

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

   for hours while United States Customs and Border Protection officers verify their legal immigration status; and

  f. Plaintiffs' uncertainty ultimate ability to remain in the United States, preventing Plaintiffs from making firm plans for their future.

33. Defendant USCIS' Immigrant Investor Program Office currently lists 60 months as its average estimated processing time for Form I-829 petitions, which Plaintiffs refuse to accept as objectively reasonable. A screen capture of USCIS' online case processing time tool is attached hereto as **Exhibit C** and is incorporated herein by reference.

34. In accordance with 8 C.F.R. 216.6(a)(4), Plaintiffs have provided Defendant USCIS with ample evidence of their eligibility for the approval of their Form I-829 petitions and the concordant removal of the conditions on their LPR status.

35. Plaintiff HABIB EL DIB has, in good faith, substantially met the capital investment requirement of the statute and continuously maintained her capital investment over the two years of conditional residence.

36. Further, Plaintiffs have no criminal record anywhere in the world. Neither Plaintiff is involved in any political activities; neither Plaintiff has any civil litigation pending against them in the United States, Brazil, Lebanon, Syria or elsewhere; and neither Plaintiff has ever been involved in any environmental litigation, tax claims, or domestic violence disputes in the United States, Brazil, Brazil, Lebanon, Syria or elsewhere.

37. Plaintiffs file this lawsuit to demand prompt adjudication of their long-pending Form I-829 petitions, either by grant or denial, so that they can properly plan for their family's future, including making the appropriate living and employment arrangements.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

## FIRST CAUSE OF ACTION (Mandamus Act)
## 28 U.S.C. § 1361
## Against all Defendants

38. Plaintiffs re-allege the allegations contained in Paragraphs 1-37 above, which are incorporated by reference herein.

39. The Mandamus Act, 28 U.S.C. § 1361 (2022), provides that the district courts retain original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

40. While Plaintiffs concede that they have no right to the approval of their Form I-829 petitions, Defendants owe Plaintiffs a duty to adjudicate their said petitions within a reasonable time, and Defendants' delay in rendering a decision on said petitions is unreasonable and Plaintiffs are entitled to mandamus relief to compel Defendants to adjudicate their cases.

## SECOND CAUSE OF ACTION (Administrative Procedures Act)
## 5 U.S.C. § 706

41. Plaintiffs re-allege the allegations contained in Paragraphs 1-40 above, which are incorporated by reference herein.

42. The Administrative Procedures Act, 5 U.S.C. § 706 (2022) (the "APA"), provides that any person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. The APA specifically provides relief for a *failure* to act, in that the reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

43. Defendants' failure to adjudicate Plaintiffs' Form I-829 petitions constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies the due process to which Plaintiffs are legally entitled.

### THIRD CAUSE OF ACTION (Declaratory Judgment)
### 28 U.S.C. §§ 2201-2202

44. Plaintiffs re-allege the allegations contained in Paragraphs 1-43 above, which are incorporated by reference herein.

45. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, permits federal court litigants to seek a judgment from the district courts to declare an action unconstitutional or illegal.

46. Defendants' prolonged delay in adjudicating Plaintiffs' Form I-829 petitions constitutes an action that is arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

47. A government official possesses no official capacity when acting illegally, and such official can thus derive no protection from an unlawful or unconstitutional action.

48. No adequate remedy at law exists for the Plaintiffs. Plaintiffs have been denied their constitutional due process rights.

### PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant them the following relief:

A. Order Defendants to adjudicate Plaintiffs' Form I-829 petitions **on or before 15 days from the issuance of this Court's order**, or within a reasonable period of time as determined by the Court.

B. Retain jurisdiction during the adjudication of said petitions in order to secure compliance with the Court's orders.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

C. Award reasonable costs and attorney's fees to the Plaintiff; and

D. Grant other such relief as the Court may deem just and proper.

                    Respectfully submitted,

/s/ *Kristin Figueroa-Contreras*
_____
Kristin D. Figueroa-Contreras, Esq., B.C.S.
Board Certified in Immigration & Nationality Law
Florida Bar No. 643394
FIGUEROA-CONTRERAS LAW GROUP, PLLC
2030 S. Douglas Road, Suite 204
Coral Gables, FL 33134
Telephone:   305-639-8599
Facsimile:    305-397-1384
E-mail:       *kristy@figueroa-law.com*

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

# **EXHIBIT A**

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

# **EXHIBIT B**

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

# **EXHIBIT C**

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*